UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KIMBERLY SCHENKEL
and CHRISTOPHER SCHENKEL,

      Plaintiffs,

v.                                                                                                  Case No.: 8:17-cv-560-T-17TGW

DITECH FINANCIAL LLC,
*Successor by merger or acquisition
to Green Tree Servicing LLC,*

      Defendant.
_____

## ORDER

**THIS CAUSE** is before the Court on the Notice of Bankruptcy Filing and Imposition of Automatic Stay (the "**Notice**") filed by Ditech Financial LLC ("**Defendant**"). (Doc. 34).

On February 11, 2019, Defendant, along with its parent company, Ditech Holding Corporation (f/k/a Walter Investment Management Corp.), and other debtor affiliates, as debtors and debtors in possession, commenced a voluntary case under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "**Bankruptcy Code**"), in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"). These Chapter 11 cases are being jointly administered in the Bankruptcy Court under Case No. 19-10412 (JLG). *See* (Doc. 34–

2). The Notice includes a copy of Defendant's Chapter 11 petition and a copy of an interim order entered by the Bankruptcy Court (the "**Interim Order**").

Pursuant to section 362(a) of the Bankruptcy Code, Defendant's filing of the bankruptcy petition "operates as a stay, applicable to all entities" of, among other things, "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before commencement of the case under [the Bankruptcy Code], or to recover a claim against the debtor that arose before the commencement of the case under [the Bankruptcy Code." 11 U.S.C. § 362(a)(1).

Although the Interim Order modified the automatic stay on a limited basis, such as permitting "borrowers, mortgagors, and lienholders . . . to assert and prosecute claims, cross-claims, and counter-claims related to judicial and non-judicial foreclosure and eviction proceedings" initiated by the debtors to the extent described therein, (Doc. 34–2), Defendant contends that the limited modification is inapplicable to Plaintiffs' claims against Defendant in this action. (Doc. 34). Furthermore, the Bankruptcy Court has exclusive jurisdiction to hear and resolve any disputes regarding the extent, application, or effect of the automatic stay, as described in the Interim Order. (Doc. 34–2).

Accordingly, it is

2

Case No.: 8:17-cv-560-T-17TGW

**ORDERED** that this action is **STAYED** pending the resolution of Defendant's bankruptcy proceedings. The Clerk is directed to administratively close the case and terminate all pending motions. It is **FURTHER ORDERED** that Defendant shall file on this Court's docket a notice regarding the status of the bankruptcy proceedings every ninety (90) days, beginning on the ninetieth day after the date of this Order, or upon the resolution of the bankruptcy proceedings, whichever occurs sooner.

**DONE** and **ORDERED** in Chambers in Tampa, Florida this 4th day of April, 2019.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record